**Burton FRANKLIN, Administrator of the Estate of David L. Davis, deceased,**

**v.**

**Eva Hornsby WILLS.**

**Burton FRANKLIN, Administrator of the Estate of David L. Davis, deceased,**

**v.**

**Peggy Wills DAVIS.**

**Nos. 12138, 12139.**

United States Court of Appeals, Sixth Circuit.

Decided Dec. 17, 1954.

Charles A. Noone, Chattanooga, Tenn. (Noone, Tanner & Noone, Chattanooga, Tenn., on the brief), for appellant.

Joseph B. Roberts, Chattanooga, Tenn. (Fraziar, Roberts & Weill, Chattanooga, Tenn., on the brief), for appellees.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

These two appeals from judgments entered in the United States District Court on jury verdicts, awarding appellees damages for personal injuries, have been argued, heard and considered together. The actions were brought, respectively, by the wife and the mother-in-law of appellant's intestate, the husband and son-in-law, who was driving the automobile in which appellees were riding at the time of the occurrence which resulted in their injuries and in the death of appellant's intestate.

There is substantial evidence in the record upon which the jury could properly find that the negligence of appellant's intestate, combined with that of the driver of an approaching automobile with which his automobile collided, was the proximate cause of the accident. Therefore, unless some reversible error of law was committed by the trial judge, the judgments must be affirmed.

 No exception was taken to the charge of the court; but, in the wife's case, an interesting question has been raised. The accident occurred in North Carolina; and the actions were brought in the forum of Tennessee. In Tennessee, it is established that the law of the place where a tort is committed determines the rights of the parties accruing therefrom. See Parsons v. American Trust & Banking Co., 168 Tenn. 49, 73 S.W.2d 698. But it is also the law of Tennessee that one spouse may not sue another in a tort action, notwithstanding the Married Woman's Emancipation Act, Code, § 8460. Tobin v. Gelrich, 162 Tenn. 96, 34 S.W.2d 1058; Lillienkamp v. Rippetoe, 133 Tenn. 57, 179 S.W. 628, L.R.A.1916B, 881. The law of North Carolina, however, permits a wife to bring a tort action against her husband.

 In holding that, in the circumstances of the instant case, the wife was privileged to sue her deceased husband's estate in tort for the injuries which she had received in the automobile accident in North Carolina, the United States District Judge pointed out that the Tennessee rule preventing one spouse from suing the other in tort is based, not upon any public policy, but upon the common-law unity of husband and wife; that the common-law reason upon which the Tennessee rule was based was effectually eliminated when the Married Woman's Emancipation Act permitted every type of action—except in tort—to be brought by the wife against her husband. It was emphasized by the judge that the wife may sue her husband for dishonesty, for unlawful taking of her property, for debts he refuses to pay, or for any other such matters, even though such actions would produce "public scandal of the family discord" as effectually as would the bringing of a tort action. It was commented that actions in tort can hardly be said to be any more immoral or violative of justice than are actions for fraud or breach of property rights. To permit a tort action to be brought by one spouse against the other was said by the District Judge not to be contrary to good morals or natural justice, "or any other situation that would harm the public good of the people of Tennessee." He made it clear that no unity of the married state could be affected here for the reason that the union had been dissolved by the unfortunate death of the husband.

The succinct opinion of District Judge Darr is logically reasoned, and the pertinent authorities cited by him are correctly construed. Accordingly, the judgments of the district court in both cases are affirmed.